#25071-rev & rem-JKM

**2009 SD ___**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

BRIAN R. HANSEN,                                        Plaintiff and Appellee,

    v.

SHEILA A. HANSEN,                                      Defendant and Appellant.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT
OF THE FIFTH JUDICIAL CIRCUIT
SPINK COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE TONY L. PORTRA
Judge

\* \* \* \*

THOMAS P. TONNER of
Tonner, Tobin and King                           Attorneys for plaintiff
Aberdeen, South Dakota                           and appellee.

JEFF BURNS of
Churchill, Manolis, Freeman,
 Kludt, Shelton & Burns                          Attorneys for defendant
Huron, South Dakota                              and appellant.

\* \* \* \*

CONSIDERED ON BRIEFS
ON AUGUST 24, 2009

OPINION FILED _____

MEIERHENRY, Justice

[¶1.]        Sheila A. Hansen (Sheila) appeals from the circuit court's property division in her divorce from Brian R. Hansen (Brian).  Sheila alleges the circuit court erred by disregarding the life estate interest in the couple's marital home when determining the value of the property.  We agree and reverse the circuit court.

**FACTS**

[¶2.]        Sheila and Brian were married on June 18, 1988, in Redfield, South Dakota.  After marrying, the couple lived in a home originally owned by Wilbur and Judy Masat.  The Masats are Sheila's parents.  Sheila and Brian paid $50 per month in rent to the Masats from 1988 until 2002.  In 2002, Sheila's parents deeded the home to the couple as joint tenants so they could obtain a bank loan to make improvements to the residence.  This conveyance was a gift from the Masats to Sheila and Brian.  The Masats did, however, retain a life estate interest in the property.

[¶3.]        Sheila and Brian made significant improvements to the property after the Masats conveyed it to them.  These improvements included the addition of a new kitchen, installation of a high efficiency propane boiler, the addition of a two stall garage, new siding and insulation, new windows, and the removal and reinstallation of hardwood floors.  Both Sheila and Brian contributed their time and labor in making these improvements.

[¶4.]        Neither party presented evidence of the home's value when it was originally purchased or when it was gifted in 2002 prior to the improvements.  Brian's expert witness, Sheryl Erickson, a real estate broker and real estate

appraiser in the Redfield area, testified that the fair market value of the property as of September 9, 2008, was $141,000. Erickson testified that she did not know what effect a life estate would have on the property's value because she had no prior experience selling or valuing homes encumbered with such an interest. Sheila presented evidence that the value of the marital interest in the home was $35,967.69, which represented the value of the remainder interest. Sheila arrived at this figure by applying a calculation table promulgated by the South Dakota Department of Social Services for calculating the value of a life estate for indigent long-term care eligibility. *See* South Dakota Administrative Rule 67:46; SDCL 28-6.

[¶5.] The circuit court determined that the couple's marital interest in the property was $141,000.[1] Sheila's only issue on appeal is whether the circuit court's finding that the marital interest in the home was worth $141,000 was clearly erroneous.

## STANDARD OF REVIEW

[¶6.] On review, we do not overturn the circuit court's findings of fact unless such a determination was clearly erroneous. *Id.* Only if we are left with a "definite and firm conviction that a mistake has been made" will we reverse a circuit court's

---

1. The circuit court at the conclusion of the trial orally indicated it considered a portion of the home's value to have been gifted to Sheila. The circuit court indicated it would exclude the gifted portion from the marital estate and valued the gift at $51,000. Neither party offered evidence to support the circuit court's valuation of the gifted portion. Ultimately, the circuit court did not include any finding as to a gifted portion or the $51,000 amount in its written findings.

findings of fact. Terca v. Terca, 2008 SD 99, ¶19, 757 NW2d 319, 324 (citing Johnson v. Johnson, 451 NW2d 293, 295 (SD 1990)).

## ANALYSIS

[¶7.]　　　　A property division analysis requires identifying marital property subject to division. *Terca*, 2008 SD 99, ¶19, 757 NW2d at 324 (citing SDCL 25-4-44)). In this case, the circuit court determined that the marital home was subject to division in the divorce proceeding because of the length of the marriage, the conveyance from the Masats as a joint tenancy, and the significant improvements to the home made by both Sheila and Brian. *See* Muenster v. Muenster, 2009 SD 23, ¶16, 764 NW2d 712, 717 ("All property may be divided, regardless of its title or origin" (quoting Christians v. Christians, 2001 SD 142, ¶13 n1, 637 NW2d 377, 381 n1)). However, the marital home was encumbered by Masats' life estate interest. Technically, Sheila and Brian only had a remainder interest in the property. Thus, only the remainder interest held by Sheila and Brian was marital property subject to division.

[¶8.]　　　　Sheila presented evidence that the Masats' life estate affected the fair market value of the remainder interest. Her calculation for the couple's remainder interest was based on an actuarial table used by the Department of Social Services. *See* ARSD 67:46:05:08. The Department uses this table to assess an individual's ability to pay for long-term medical care services. *Id.* The Department considers a life estate an available resource to help pay for a recipient's medical care.[2] Based

---

2.　　　ARSD 67:46:05:08 states in relevant part that:

(continued . . .)

on a fair market value of $141,000, Sheila applied the Department's actuarial table to conclude that the value of the remainder interest in the property was $35,967.69.

[¶9.]		The circuit court valued Sheila and Brian's marital interest in the home at $141,000 – the full fair market value of the home. The circuit court rejected Sheila's contention that the Masats' life estate diminished the value of their interest in the property. The circuit court's determination that the value of the home was unaffected by the life estate appeared to be based on Judy Masat's testimony that the Masats had no intention of removing their daughter from the house or moving into it themselves.

[¶10.]		We have previously noted the importance of valuing a remainder interest in a divorce case. In *Martin v. Martin*, we said we would remand a case when a circuit court fails to make a specific finding "regarding the value of plaintiff's [remainder] interest in [land]." 358 NW2d 793, 798 (SD 1984) (stating that the interest in the land "certainly [] had some value"). We noted that the plaintiff in *Martin* failed to provide evidence regarding the value of the property "other than her own nebulous opinion regarding sales of other land in the area

_____

(. . . continued)

> A life estate is considered other real property and is considered a resource to the individual applying for or receiving long-term care services or medical assistance. The value of a life estate is calculated by using the table contained in this section. If the individual has a life estate, find the individual's age on the table and multiply the corresponding figure in the life estate column by the fair market value of the property. The result is the value of the life estate and the amount considered a resource to the individual. If the individual has a remainder interest in the estate, use the applicable figure from the remainder column to compute the value. [Table omitted.]

several years earlier." *Id.* In *Martin*, we affirmed the circuit court because the court did not have any "competent evidence in addition to [the parties'] own personal testimony regarding the value of the property." *Id.*

[¶11.] In the present case, the realtor admitted she was not qualified to give an opinion as to the value of the life estate or how it would affect the fair market value of the home. Thus, her opinion on the fair market value of the home did not take into account the encumbrance of the life estate. In contrast, Sheila did provide the circuit court with evidence of the value of the home and the impact of a life estate on its value. The competency of the actuarial table on which she relied was not challenged. While the Department's purpose for valuing a life estate is admittedly different from dividing marital property, the circuit court gave no reason for completely rejecting Sheila's evidence on fair market value. Brian's argument, on the other hand, that Judy Masat did not intend to live on the property, has little, if any, relevancy in assessing the fair market value of the life estate or remainder interest. The Masats' life estate exists until the Masats are both deceased and could conceivably, be subject to the Masats' current or future creditors. Likewise, there remains the potential for Masats to exercise their interest in the property. The record contains no competent evidence from which the circuit court could conclude that the life estate had no value.

## CONCLUSION

[¶12.] Consequently, the circuit court's finding on the $141,000 value of the remainder interest in the marital home was clearly erroneous. We are left with a "definite and firm conviction that a mistake has been made" and reverse the circuit

court on this issue.  *Terca*, 2008 SD 99, ¶19, 757 NW2d at 324 (citing *Johnson*, 451 NW2d at 295).  The case is remanded for the circuit court to determine the value of Brian's and Sheila's remainder interest, taking into account the effect of the Masats' life estate, and to reconsider the property division accordingly.